# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GILLUM, | 1:12-cv-00756-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| MATTHEW CATE, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on April 23, 2012, in the United States District Court for the Eastern District of California, Sacramento Division.  The petition was transferred to this division on May 9, 2012.  Petitioner contends the Board of Parole Hearings' November 29, 2010, denial of release on parole violated his constitutional rights.

DISCUSSION

I.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

II.     Failure to State a Cognizable Ground for Relief

On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id., 131 S.Ct. at 863. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Pet. Ex. A.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, to the extent Petitioner attempts to challenge the decision of the parole board, his claims are not cognizable.

Petitioner contends the board violated the Establishment Clause by denying parole based on his failure to attend "Alcoholics Anonymous" which is a religious based program.

The San Mateo County Superior Court rejected the claim in the last reasoned decision stating, in pertinent part:

Petitioner cites to *Turner v. Hickman* (2004) 342 F.Supp.2d 887, 895 as standing for the proposition that the Governor has required him to attend AA in violation of the First Amendment. However, the facts in Turner are distinguishable because the inmate in that case refused to attend NA and told the parole board that NA violated his religious beliefs. (*Id*. at p. 892.) The Petitioner in this case never expressed that AA is in conflict with his religious beliefs, and, instead, declared to the Board that he was committed to AA.

(Pet. Ex. I-9.)

Petitioner relies on Turner v. Hickman, 342 F.Supp.2d 887, as support for his claim. In Turner, a Christian inmate alleged that parole authorities expressly conditioned in part the inmate's eligibility for release on parole on participation in Narcotics Anonymous (NA). Id. at 890. This Court held the coercion test derived from Lee v. Weisman, 505 U.S. 577, 587 (1992) is the most applicable to instances in which it is alleged that the government has forced someone to engage in specific religious practices despite the individuals own personal beliefs. Id. at 894-895. Because the government had expressly told the inmate that he must participate in NA in order to be eligible for parole, the State had acted coercively by requiring participation in a program which unequivocally promoted that "God" was the fundamental requirement of participation. Id. at 895-896. Thus, the First Amendment prohibited such a requirement.

In Inouye v. Kemna, 504 F.3d 705 (9th Cir. 2007), a § 1983 suit, it was determined that state parole officials were not entitled qualified immunity if it is alleged that a condition of parole included the requirement to participate in a drug treatment program (AA and NA) based on reverence to a higher power. The Court found the law to be "very clear, precluding qualified immunity[.]" "For the government to coerce someone to participate in religious activities strikes at the core of the Establishment Clause of the First Amendment, whatever else the Clause may bar[,]" which has been consistently applied by Courts. Id. at 712-713 (citing Lee v. Weisman, 505 U.S. 577, 578 (1992); Zelman v. Simmons-Harris, 536 U.S. 639, 653 (2002) (footnotes omitted). The Court cited the basic test for the Establishment Clause set forth in Lemon v. Kurtzman, 403 U.S. 602, 613 (1971), "which requires that government acts (1) not have a 'secular legislative purpose,' (2) not have a 'principal or primary effect' which either 'advances [or] inhibits religion,' and (3) not foster 'an excessive government entanglement' with religion. As the Seventh Circuit noted in *Kerr v. Farrey*, 95 F.3d 472 (7th Cir. 1996), a government

mandate to attend religious or religion-based events is clearly barred by the second prong of *Lemon. Kerr*, 95 F.3d at 478-79." Based on this test, the Court concluded that revoking parole based on the parolee's failure to participate in AA/NA violated the First Amendment. The Court found the law to be clearly established for purposes of qualified immunity under § 1983 by reviewing all applicable decisions without restriction to United StatesSupreme Court decisions only as required under § 2254. Thus, Inouye is not controlling authority as applied to the present circumstances.

In any event, even if this Court proceeded on the finding that clearly established Supreme Court precedent prohibited the State from requiring an inmate to participate in NA/AA religious programs, the facts in the present case do not entitle Petitioner to relief. First, as stated by the San Mateo Superior Court, Petitioner did not specifically object to participation in AA based on a conflict with his personal religious beliefs. Rather, Petitioner repeatedly acknowledged his participation in AA and his knowledge of the 12-steps involved in the program. Indeed, Petitioner told the Board that he wrote a letter to an individual in New York attempting to gain information on an AA program upon his release on parole. (Pet. Ex. A at 21.) Second, the Board pointed out that Petitioner had failed to participate in an substantial self-help therapy/programming to address the substance and alcohol abuse causative factors. The Board specifically informed Petitioner that participation in AA was not required but was mentioned only because it is available to every inmate every single day. (Id. at 102.) Thus, there was no requirement of a religious program and the element of coercion is not present in this case. Lastly, the Board did not deny parole solely on the lack of participation in AA or any other alcohol abuse programming.[1] Accordingly, Petitioner has failed to demonstrate facts showing an entitlement to habeas corpus relief.

---

[1] The Board denied parole based on Petitioner's present mental attitude toward the commitment offense; lack of commitment to a substance abuse program, lack of unrealistic parole plans, and unfavorable psychological evaluation. (Pet. Ex. A.)

4

III.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 16, 2012**                               **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE